# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

KEVIN JOSEPH BROWN

|  |  |
|---|---|
| Chapter: | 7 |
| Case No.: | 5-18-bk-00787 RNO |
| Adversary No.: | 5-18-ap-00041 RNO |

PENNSYLVANIA EMPLOYEES
BENEFIT TRUST FUND

                              Plaintiff(s)

vs.

KEVIN BROWN

                              Defendant(s)

Document No.:

Nature of Proceeding: Motion to Dismiss Adversary Proceeding

## OPINION[1]

The Plaintiff seeks a finding of non-dischargeability for its claim against the Debtor/Defendant for medical benefits paid to him and his dependents. It is alleged that the benefits were paid based upon the Debtor's fraudulent misrepresentations as to his marital status. On motion, I will dismiss the Complaint, with leave to amend.

**I.    Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**II.    Facts and Procedural History**

Kevin Joseph Brown ("Brown") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on February 28, 2018. The required schedules and statements were filed with the bankruptcy petition.

---

[1] Drafted with the assistance of Timothy R. Powell, Law Clerk.

1

On April 24, 2018, the Pennsylvania Employees Benefit Trust Fund ("PEBTF") commenced this Adversary Proceeding seeking non-dischargeability of its claim against Brown. A First Amended Complaint was filed by PEBTF on April 25, 2018 ("Complaint"). Am. Adversary Compl., ECF No. 2.

The Complaint contains a total of fifteen numbered paragraphs. Unfortunately, the paragraphs are not numbered sequentially. For example, the Complaint contains four (4) written paragraphs, each of which are numbered "1." This does not ease review or construction of the Complaint.

I characterize the Complaint as a single count complaint seeking to determine PEBTF's claim against Brown, for benefits paid to Brown and his dependents, in the amount of $154,837.93, to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[2] Complaint, ¶ 2, p 2, ECF No. 2. Brown responded to the Complaint by filing several Motions under the Federal Rules of Bankruptcy Procedure. The Motions include a motion to dismiss for failure to state a claim upon which relief can be granted, a motion for a more definite statement, and a motion to join an indispensable party (collectively the "Motion").

PEBTF filed what is titled Plaintiff's Reply to Defendant's Consolidated Motion to Dismiss Pursuant to Rule 12 and Request for Summary Judgement Pursuant to Rule 7056(a). ECF No. 14.

The Motion has been briefed and a hearing was held on September 13, 2018.

### III. Discussion

#### A. Standard to Decide Motions to Dismiss

Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), made applicable to adversary proceedings by Fed. R. Bankr. P. 7008. Further, certain matters, including fraud allegations,

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

must be pled with particularity. Fed. R. Civ. P. 9(b); *In re Adalian*, 474 B.R. 150, 158-59 (Bankr. M.D. Pa. 2012).

While detailed factual allegations are generally not required in a complaint filed in Federal court:

> [P]laintiff's obligation to provide the grounds of his entitlement to relief require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations omitted).

To withstand the motion to dismiss for failure to state a claim upon which relief can be granted, the Complaint must contain enough factual content to allow me to draw the reasonable inference that the PEBTF's claim against Brown is non-dischargeable. This plausibility standard requires more than a sheer possibility that a defendant acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 127 S.Ct. 1937, 1949 (2009).

When considering a motion to dismiss, I must view the Complaint's factual allegations and its legal conclusions in different lights. The Third Circuit has explained:

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted); *In re EP Liquidation, LLC*, 583 B.R. 304, 314 (Bankr. D. Del. 2018).

When considering a motion to dismiss, a court considers the complaint, as well as attached exhibits and matters of public record. Fed. R. Bankr. P. 7010 (incorporating Fed. R. Civ. P. 10(c)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, at *1 (D. Del., Jan. 30, 2015). Federal Rule

of Evidence 201 allows the court to take judicial notice of facts that are not subject to reasonable dispute. For example, a bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events and other facts which are not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino,* 1991 WL 284107, at *12, n. 19 (Bankr. E.D. Pa., Jan. 11, 1991).

I take judicial notice of the dockets in Brown's underlying Chapter 7 case and in this Adversary Proceeding. I will also take notice of the contents of the bankruptcy schedules which are not in dispute.

### B. Dischargeability Generally

One of the underlying purposes of the Bankruptcy Code is to allow a debtor a fresh start. Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors. *Insurance Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995); *In re Gotwald*, 488 B.R. 854, 865 (Bankr. E.D. Pa. 2013); *Customers Bk. v. Roman P. Osadchuk*, 2018 WL 4562403, at *2 (D.N.J., Sept. 24, 2018); *In re Adalian*, 474 B.R. 150, 160 (Bankr. M.D. Pa. 2012).

### C. What Are the Required Elements to Prove a Non-Dischargeable Claim?

In a non-dischargeability action, the bankruptcy court generally addresses two separate questions. First, has PEBTF pled an enforceable obligation under state law? If so, is the debt non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code? *Black v. Gigliotti*, 514 B.R. 439, 444 (E.D. Pa. 2014); *In re August*, 448 B.R. 331, 346 (Bankr. E.D. Pa. 2011).

Considering the first question, a bankruptcy court looks to state law to determine whether there is an enforceable claim against the debtor. *Grogan v. Garner*, 498 U.S. 279, 282-84, 111 S.Ct. 654, 657-58 (1991); *In re Hazelton*, 304 B.R. 145, 150 (Bankr. M.D. Pa. 2003).

4

The issue of the alleged non-dischargeability of a creditor's valid claim is a matter of federal law governed by the provisions of the Bankruptcy Code. *Grogan*, 498 U.S. at 284; *In re Pulvermacher*, 567 B.R. 881, 886 (Bankr. W.D. Wis. 2017); *In re Guest*, 193 B.R. 745, 747 (Bankr. E.D. Pa. 1996).

**D.     Has an Enforceable Claim Been Pled Under State Law?**

The text of the Complaint itself contains relatively few factual allegations. However, the Complaint is supplemented by a number of attached exhibits.

The Complaint alleges that PEBTF paid medical benefits to Brown and his dependents in the total amount of $154,837.93 ("Medical Benefits"). It is further alleged that the Medical Benefits were paid based upon Brown's fraudulent representations as to his marital status. It is alleged that Brown's fraudulent representations violated "Section 1.21 of the PEBTF Medical Plan Agreement" ("Contract"). Compl. ¶ 6, p 4, ECF No. 2.

I note that Exhibit D to the Complaint provides pages 10 and 11 of the Contract. A portion of the Contract reads:

> **1.21     Misrepresentation or Fraud**
>
> A Member who receives benefits under the Plan as a result of false information or a misleading or fraudulent representation shall be suspended from eligibility for coverage under the Plan (where fraud or material misrepresentation is involved, the suspension may be retroactive), shall repay all amounts paid by the Fund on or after the suspension, and shall be liable for all costs of collection, including attorneys' fees.

Compl., Ex. D, p 46, ECF No. 2.

The Complaint alleges that Brown represented to PEBTF that he was in a common law marriage. Attached as a portion of Exhibit B to the Complaint is an Affidavit Attesting to the Existence of Common Law Marriage ("Affidavit"). The Affidavit appears to bear the signatures of Brown and Diane M. Miller ("Miller"). The notarized Affidavit is dated August 28, 2002 and,

in part, provides, "[w]e hold ourselves out to the community as husband and wife, and have cohabited for 8 ½ years." Compl., Ex. B, p 13, ECF No. 2.

The Complaint further alleges that Miller subsequently brought a state court divorce action against Brown. Reference is made to an opinion of the Superior Court of Pennsylvania which considered an appeal from the dismissal of Miller's divorce action. *Miller v. Brown*, 2017 Pa.Super. Unpub. LEXIS 4102 (Pa. Super., Nov. 7, 2017). The Superior Court affirmed the dismissal of Miller's divorce action finding that she had not presented clear and convincing evidence that "words stating a present intent to marry were exchanged between the parties." *Id.* at *15.

In Pennsylvania, three elements are necessary to plead a cause of action for breach of contract. Namely: (1) the existence of a contract, including its essential terms; (2) a breach of the contract; and, (3) resulting damages. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016); *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999); *Abdelgawad v. Mangieri*, 2017 WL 6557483, at *7 (W.D. Pa., Dec. 22, 2017).

The Complaint is not a model of clarity. However, it does allege the existence of the Contract between PEBTF and Brown. The Complaint also alleges that Brown breached the Contract by fraudulently representing his marital status. It further alleges damages resulting from the breach of the Contract in the amount of $154,837.93.

Viewing the pled facts in the light most favorable to PEBTF, I conclude PEBTF has pled a plausible claim against Brown for breach of contract pursuant to the provisions of Pennsylvania law.

    E.    **Was the Statute of Limitations Defense Properly Pled?**

A significant portion of the Motion is grounded upon Brown's argument that the applicable Pennsylvania statute of limitations ran, presumably before the Chapter 7 bankruptcy

6

Case 5:18-ap-00041-RNO    Doc 29    Filed 10/11/18    Entered 10/11/18 16:17:52    Desc
Main Document    Page 6 of 12

petition was filed on February 28, 2018. The petition date is significant because § 108 of the Bankruptcy Code extends a statute of limitations, which has not expired pre-petition, to the later of the end of the limitations period or two years after the bankruptcy order for relief. *In re O.E.M./Erie, Inc.*, 405 B.R. 779, 787 (Bankr. W.D. Pa. 2009); *In re Southern International Company, Inc.*, 159 B.R. 192, 193 fn 2 (Bankr. E.D. Va. 1993).

Brown argues that under the gist of the action doctrine, PEBTF's claim is barred by the statute of limitations for tort actions. The gist of the action doctrine is a common law doctrine which seeks to maintain the conceptual distinction between breach of contract and tort claims. *Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546, 552-54 (M.D. Pa. 2010).

I conclude that it is inappropriate to determine the applicable statute of limitations at this time.

The general rule is that a statute of limitations defense should be raised in an answer, not in a motion to dismiss. Fed. R. Civ. P. 8(c)(1) (made applicable by Fed. R. Bankr. P. 7008); *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). There is an exception to the requirement to plead the statute of limitations as an affirmative defense in an answer. If it is clear from the face of the complaint that the claim has not been brought within the statute of limitations, the defense may be raised by motion. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Neither the Complaint nor the attached exhibits pleads when any Medical Benefits were last paid to Brown or his dependents. At most, a portion of Exhibit A contains a one-page report showing benefits were paid from August 28, 2002, to December 28, 2017. There is no indication of the alleged dates of payment. Compl., Ex. A, p 8, ECF No. 2. I am unable to determine from the face of the Complaint that this matter is untimely.

Based on the above, I conclude the Motion cannot effectively raise the applicable statute of limitations at this stage.

### F. Is the Breach of Contract Claim Non-Dischargeable Pursuant to § 523(a)(2)(A)?

To prevail in a § 523(a)(2)(A) action, a creditor must prove each of the following: (1) the debtor made a false representation; (2) the debtor knew the representation was false *when it was made*; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and, (5) the creditor sustained a loss as a proximate result of the representation. *In re Griffith*, 2014 WL 4385743, at *3 (Bankr. M.D. Pa., Sept. 4, 2014) (emphasis added); *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009).

A mere breach of contract alone does not establish actual fraud or misrepresentation under § 523(a)(2)(A). *In re Giquinto*, 388 B.R. 152, 166 (Bankr. E.D. Pa. 2008); *In re Antonious*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006); *In re Witmer*, 541 B.R. 769, 777-78 (Bankr. M.D. Pa. 2015).

PEBTF argues that Brown intentionally misrepresented his marital status at the time that he signed the Affidavit. Historically, Pennsylvania recognized common law marriages. The presumption of a common law marriage could arise based upon circumstantial evidence, such as constant cohabitation and a broad and general reputation of marriage. *Commonwealth v. Wilson*, 672 A.2d 293, 301 (Pa. 1996); *Cooney v. W.C.A.B. (Patterson UTI, Inc.)*, 94 A.3d 425, 430 (Pa. Cmlth. 2014) (providing that a common law marriage only required proof of an agreement to enter into the legal relationship of marriage).

Common law marriage was prospectively abolished in Pennsylvania by statute. 23 Pa.C.S. § 1103 provides:

> No common-law marriage contracted after January 1, 2005, shall be valid. Nothing in this part shall be deemed or taken to render any common-law marriage otherwise lawful and contracted on or before January 1, 2005, invalid.

It is undisputed that Brown and Miller began living together in August 1994. Miller bore their biological daughter in June 1995. *Miller v. Brown*, 2017 Pa. Super. Unpub. LEXIS 4102, at *1 (Pa. Super., Nov. 7, 2017).

Whether a common law marriage existed between Brown and Miller prior to January 1, 2005, the date of the statutory prohibition, is not a simple question of fact. The validity of a common law marriage is a mixed question of fact and law. *PPL v. Workers' Compensation Appeal Bd.*, 5 A.3d 839, 843 (Pa. Cmlth. 2010); *Giant Eagle v. W.C.A.B. (Bahorich)*, 602 A.2d 387, 388 (Pa. Cmlth. 1992).

PEBTF relies upon *Miller v. Brown*. In that case, the Pennsylvania Superior Court found there was no common law marriage between Brown and Miller because of the lack of *verba in praesenti*, the exchange of words in the present tense for the purpose of establishing the relationship of husband and wife. *Miller*, 2017 Pa. Super. at *14. In this Court's view, the couple's marital status was a nuanced legal decision rendered by two Pennsylvania courts, the Court of Common Pleas and the Superior Court.

PEBTF argues, with the benefit of considerable hindsight, that the 2017 *Miller* decision somehow evidences fraudulent intent by Brown when he signed the Affidavit, some fifteen years earlier. I conclude that Brown, a layperson, could easily have been mistaken as to the ultimate legality of his "common law marriage" when he signed the Affidavit and when he obtained the Medical Benefits.

To be actionable under § 523(a)(2)(A), a representation must be one of existing fact and not merely an expression of opinion or expectation. *In re Dupree*, 336 B.R. 506, 517 (Bankr. M.D. Fla. 2005); *In re Schwartz & Meyers*, 130 B.R. 416, 423 (Bankr. S.D.N.Y. 1991). Further, the false representation must falsely purport to depict then current or past acts. *In re Vernon*, 192 B.R. 165, 171 (Bankr. N.D. Ill. 1996).

9

Case 5:18-ap-00041-RNO    Doc 29    Filed 10/11/18    Entered 10/11/18 16:17:52    Desc
Main Document    Page 9 of 12

Where there is room for an inference of honest intent, the question of fraudulent intent must be resolved in favor of the debtor. *Id*. at 172; *Buckeye Candy Company v. Ritzer (In re Ritzer)*, 105 B.R. 424, 428 (Bankr. S.D. Ohio 1989); *Wilson v. Mettetal (In re Mettetal)*, 41 B.R. 80, 89 (Bankr. E.D. Tenn. 1984); *Heinold Commodities & Securities v. Hunt (In re Hunt)*, 30 B.R. 425, 436 (Bankr. M.D. Tenn. 1983).

> To satisfy scienter or the knowingly false element of § 523(a)(2)(A), a misrepresentation must be made with either actual knowledge of its falsity, or with such reckless disregard of the truth that the law will impute the knowledge to the responsible party. *New York Life Ins. Co. v. Marotta*, 57 F.2d 1038, 1039 (3d Cir. 1932). "In assessing a debtor's knowledge of the falsity of the representation . . . the Court must consider the knowledge and experience of the debtor." *FTC v. Duggan (In re Duggan)*, 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994). "A false representation made under circumstances where a debtor should have known of the falsity is one made with reckless disregard for the truth, and this satisfies the knowledge requirement." *Id.*

*In re Santos*, 304 B.R. 639, 664 (Bankr. D.N.J. 2004).

To the extent any representation of his marital status might have been a material misrepresentation, the Complaint fails to show how Brown would have known it was false at the time it was made. Miller's divorce complaint was not filed until March 21, 2016.[3] At most, one might assume that Brown's divorce counsel subsequently advised him of the arcane requirements necessary to prove a common law marriage. The Complaint does not plausibly plead that Brown knowingly misrepresented his marital status to obtain any Medical Benefits.

I cannot discern from the Complaint whether any of the Medical Benefits were paid after March 2016. I do find that, prior to March 2016, there is no basis to conclude that Brown knew, or should have known, that his common law marriage was in doubt. Thus, a required element to plead non-dischargeability is lacking and the Motion (to the extent it is based upon a failure to state a claim upon which relief can be granted) should be granted.

---

[3] *Miller v. Brown*, 2017 Pa. Super. Unpub. LEXIS 4102, at *1 (Pa. Super., Nov. 7, 2017).

It is a close question as to whether allowing for an amended complaint would be futile. In an amended complaint, PEBTF will need to state a plausible claim of known falsity. Further, it will need to plausibly plead the other required elements of § 523(a)(2)(A). Included in those elements is justifiable reliance. *Field v. Mans*, 516 U.S. 59, 73-77, 116 S.Ct. 437, 445-47 (1995); *In re Santos*, 304 B.R. at 667.

This is PEBTF's first pleading. Solely because of that, I will allow leave of twenty-one days to file an amended conforming complaint.

### G. Motion for a More Definite Statement

As part of the Motion, Brown filed a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e). Courts in the Third Circuit generally only grant a motion for more definite statement "when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003).

I have already granted a portion of the Motion with leave to amend. The partial grant of the Motion is dispositive. The motion for more definite statement is denied.

### H. Motion to Join an Indispensable Party

The Motion seeks to join the Pennsylvania Department of Transportation as an alleged indispensable party. Such a motion essentially asks the Court to determine whether complete relief can be accorded to those parties named in the action, in the absence of any unjoined parties. *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007).

The partial grant of the Motion is dispositive. The motion for joinder is denied.

### I. PEBTF's Motion for Summary Judgment

PEBTF filed a reply to the Motion. The reply included a motion for summary judgment.

Summary judgment is appropriate where there is no outstanding issue of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 105

11

Case 5:18-ap-00041-RNO    Doc 29    Filed 10/11/18    Entered 10/11/18 16:17:52    Desc
Main Document    Page 11 of 12

S.Ct. 2548, 2552-53 (1986); *United States v. Commander*, 734 Fed.Appx. 824, 829 (3d Cir. 2018); *In re TK Holdings, Inc.*, 2018 WL 903980, at *4 (Bankr. D.Del., Feb. 14, 2018).

The partial grant of the Motion is dispositive. The motion for summary judgment is denied.

IV. **Conclusion**

The Motion is granted for failure to state a claim upon which relief can be granted. PEBTF is granted leave of twenty-one days to file an amended conforming complaint. The motion for a more definite statement is denied. The motion to join an indispensable party is denied. PEBTF's motion for summary judgment is denied.

By the Court,

_____
Robert N. Opel, II, Chief Bankruptcy Judge (BI)

October 11, 2018