# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

KEVIN JOSEPH BROWN

| | |
|---|---|
| Chapter: | 7 |
| Case No.: | 5-18-bk-00787 RNO |
| Adversary No.: | 5-18-ap-00041 RNO |

PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND

Plaintiff(s)

| | |
|---|---|
| Document No.: | 32 |

vs.

KEVIN BROWN

Defendant(s)

| | |
|---|---|
| Nature of Proceeding: | Motion to Dismiss Adversary Proceeding |

## OPINION[1]

The Debtor/Defendant has moved to dismiss the Second Amended Complaint in this non-dischargeability action. The Motion to Dismiss will be granted, with prejudice.

**I.     Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**II.    Facts and Procedural History**

A detailed procedural history may be obtained by reviewing the reported decision *Pennsylvania Employees Benefit Trust Fund v. Kevin Brown*, 591 B.R. 587 (Bankr. M.D. Pa. 2018) ("*Brown I*").

---

[1] Drafted with the assistance of Timothy R. Powell, Law Clerk.

1

After the decision in *Brown I*, the Plaintiff, Pennsylvania Employees Benefit Trust Fund ("PEBTF"), filed a Second Amended Complaint. In response thereto, the Defendant, Kevin Brown ("Brown"), filed a Motion to Dismiss the Second Amended Complaint.

Briefs were filed in support of and in opposition to the Motion to Dismiss the Second Amended Complaint. A hearing was held on January 31, 2019, and the Motion to Dismiss is now ripe for decision.

### III. Discussion

#### A. Standard to Decide Motions to Dismiss

I will employ the same standard in considering this Motion to Dismiss as I did in *Brown I*. That portion of *Brown I* is incorporated by reference as fully as though the same were herein set forth at length.

Essentially, I must determine whether the Second Amended Complaint states a plausible, non-dischargeability claim by PEBTF.

#### B. Dischargeability Generally

The provisions of the same portion of *Brown I* are incorporated by reference as fully as though the same were herein set forth at length.

#### C. What Are the Required Elements to Prove a Non-Dischargeable Claim?

The provisions of the same portion of *Brown I* are incorporated by reference as fully as though the same were herein set forth at length.

#### D. Has an Enforceable Claim Been Pled Under State Law?

The provisions of the same portion of *Brown I* are incorporated by reference as fully as though the same were herein set forth at length.

#### E. Was the Statute of Limitations Defense Properly Pled?

The provisions of the same portion of *Brown I* are incorporated by reference as fully as though the same were herein set forth at length.

### F. Is the Breach of Contract Claim Non-Dischargeable Pursuant to § 523(a)(2)(A)?

The provisions of the same portion of *Brown I* are incorporated by reference as fully as though the same were herein set forth at length.

The First Amended Complaint was dismissed, with leave to amend, on October 11, 2018.

On October 31, 2018, PEBTF filed its Second Amended Complaint ("Second Amended Complaint"). On November 15, 2018, Brown filed a Motion to Dismiss the Second Amended Complaint.

I note that the First Amended Complaint contained a total of fifteen numbered paragraphs. It is a single-count complaint which requests that PEBTF's claim for medical benefits in the amount of $154,837.93 ("Medical Benefits"), be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[2]

The Second Amended Complaint contains a total of nineteen numbered paragraphs. It is still a single-count complaint seeking non-dischargeability under § 523(a)(2)(A).

The gravamen of PEBTF's purported cause of action is that Brown misrepresented his marital status when he obtained medical benefits for himself and four apparent dependents.

On or about August 28, 2002, Brown signed an affidavit attesting to the existence of common law marriage stating that he and Diane M. Miller ("Miller") affirmed that they had "expressly agreed to and entered into a common law marriage." Second Am. Compl. Ex. B, p 16, ECF No. 31 ("Affidavit").

*Brown I* contains a discussion of the required elements for proof of a common law marriage in Pennsylvania prior to its statutory abolition, after January 1, 2005. *Pennsylvania Employees Benefit Trust Fund v. Kevin Brown*, 591 B.R. 587, 594-95 (Bankr. M.D. Pa. 2018).

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

3

In *Brown I*, I discussed the factual and legal complexities in proving a common law marriage. I also noted that, in defending a divorce action, which was filed on March 21, 2016, Brown then maintained that he was not in a common law marriage.

*Brown I* includes:

> At most, one might assume that Brown's divorce counsel subsequently advised him of the arcane requirements necessary to prove a common law marriage. The Complaint does not plausibly plead that Brown knowingly misrepresented his marital status to obtain any Medical Benefits [$154,837.93 claim].
>
> I cannot discern from the Complaint whether any of the Medical Benefits were paid after March 2016. I do find that, prior to March 2016, there is no basis to conclude that Brown knew, or should have known, that his common law marriage was in doubt.

*Id.* at 595.

The Court expected that if PEBTF filed a second amended complaint, the complaint would plead when each of the Medical Benefits were paid. Any Medical Benefits paid after March 2016 might have been viewed differently. In any event, the Court's invitation to include the temporal information in an amended complaint went unheeded. The first page of Exhibit A to the Second Amended Complaint still continues to show only the totals of the medical, as well as dental, benefits paid to Brown, Miller, and their three children. Second Am. Compl. Ex. A, p 11, ECF No. 31. PEBTF still has not alleged the payment date for any of the Medical Benefits.

The Second Amended Complaint differs from the First Amended Complaint in one significant regard. A new paragraph 8 is added, beginning on page 4 of the Second Amended Complaint. PEBTF quotes from a portion of the trial transcript in the state court divorce proceeding between Miller and Brown. Exhibit E to the Second Amended Complaint is a portion of the trial transcript, which begins on page 47.

The transcript includes:

> Q: Did you ever ask Miss Miller to marry you?
>
> A: I did on two or three different occasions.

4

> Q: And what was her response?
>
> A: She said that it was just a piece of paper - - you know that was about it really.

Second Am. Compl. Ex. E, p 53, ECF No. 31.

The Second Amended Complaint alleges that when Brown signed the Affidavit, he knew that its statements were false. PEBTF cites for support the following from the divorce transcript:

> Q: Mr. Brown, you've been present in the Courtroom and perhaps I'll just cut right to the chase here. I'd like to bring your attention to this affidavit attesting to the existence of the marriage, I believe it was Number 7 - -
>
> THE COURT: Six.
>
> . . .
>
> Q: Why did you sign this exhibit? Why did you sign that paper?
>
> A: So I could get health insurance for Dee and Rebecca and my - -
>
> Q: Is that the only reason?
>
> A: Yeah. And my other - -
>
> Q: Did you consider yourself common law married - -
>
> A: I did - -
>
> Q: at that point?
>
> A: I did not.

Second Am. Compl. Ex. E, p 52-53, ECF No. 31

I do not find that the trial transcript pushes the claim for non-dischargeability from the range of the merely possible, to the plausible. I find Brown's testimony to be ambiguous and somewhat contradictory. At one point, he answers that he did consider himself to be common law married. Later, under questioning, he said he and Miller were not married.

Similarly, Exhibit F to the Second Amended Complaint includes another portion of the divorce trial transcript and includes the following colloquy between Brown and the trial judge:

5

Case 5:18-ap-00041-RNO    Doc 39    Filed 03/01/19    Entered 03/01/19 14:31:39    Desc
Main Document    Page 5 of 8

> THE COURT: Well, I guess now I am confused because you told me previously you have asked her to marry, you wanted her to be your wife.
>
> MR. BROWN: I wanted her to be my wife.
>
> THE COURT: And you - - when you signed that document you did not consider her your wife, you were just doing for insurance purpose? Because I thought you said you actually considered her your wife as well.
>
> MR. BROWN: I considered her my - - as my wife because I was embarrassed to say she was my girlfriend. You follow what I'm saying? My belief - -
>
> THE COURT: I follow what you are saying but you did - - affidavit under a penalty swearing to the fact that it was true, so my question is as of at least executing that affidavit was she considered your wife at that point in time?
>
> MR. BROWN: I just did this for insurances - -

Second Am. Compl. Ex. F, p 55, ECF No. 31.

This Court is surprised, perhaps even disappointed, by Brown's rather unsavory change of position as to his marital status. However, exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors. *Brown I*, 591 B.R. at 591-592. It is unnecessary for a debtor's legal position to be pleasing to the bankruptcy court for a claim to be dischargeable.

I wrote in *Brown I* about the requirements that a false representation must be one of existing fact and not merely an expression of opinion or expectation. I further wrote about the fact that the false representation must falsely purport to depict then current or past acts. *Brown I*, 591 B.R. at 595.

I conclude that PEBTF's Second Amended Complaint continues to look at Brown's representations concerning his marital status through the rearview mirror. Essentially, PEBTF maintains that because of Brown's 2016 divorce court testimony, the Medical Benefits paid to

6

Case 5:18-ap-00041-RNO    Doc 39    Filed 03/01/19    Entered 03/01/19 14:31:39    Desc
Main Document    Page 6 of 8

him and his dependents, which presumably were first paid in 2002, should all be determined to be non-dischargeable.

To be non-dischargeable under § 523(a)(2)(A), the Debtor must have made a false representation which he knew was false *when it was made*. *In re Anandani*, 578 B.R. 523, 528 (Bankr. E.D. Pa. 2017); *In re Griffith*, 2014 WL 4385743, at *3 (Bankr. M.D. Pa. Sept. 4, 2014); *In re Hawkins*, 463 B.R. 768, 772 (Bankr. W.D. Pa. 2012); *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009).

PEBTF again has failed to plead when any of the Medical Benefits were paid to Brown and his dependents. Viewing the alleged facts in the light most favorable to PEBTF, I cannot find that a plausible claim has alleged that Brown knowingly misrepresented his marital status when he signed the Affidavit.

### G. Futility of an Amended Pleading

Generally, when a motion to dismiss is granted, the court should permit an amendment to cure the defect, unless an amendment would be inequitable or futile. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *In re Broad Street Media LLC*, 2017 WL 5624879, at *10 (Bankr. D.N.J. Nov. 20, 2017); *In re Sobol*, 545 B.R. 477, 491 (Bankr. M.D. Pa. 2016).

Amendment of a complaint would be futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997); *In re Vertis Holdings, Inc.*, 536 B.R. 589, 608 (Bankr. D. Del. 2015).

PEBTF has already had one opportunity to file an amended complaint. I have concluded that the Second Amended Complaint failed to state a cause of action upon which relief could be granted.

7

IV.     Conclusion

There is scant difference between the First and Second Amended Complaints. *Brown I* includes:

> I conclude that Brown, a layperson, could easily have been mistaken as to the ultimate legality of his "common law marriage" when he signed the Affidavit and when he obtained the Medical Benefits.

*Brown I*, 591 B.R. at 594-95.

Nothing in the Second Amended Complaint leads to any different conclusion.

Brown obtained a Chapter 7 discharge in his underlying bankruptcy case on June 18, 2018. This Adversary Proceeding has been pending for ten months.

PEBTF has had two opportunities to plead a plausible claim. Both times, it has been unsuccessful.

I conclude that allowing another complaint would be futile. Additionally, further delay in allowing Brown to obtain the full benefit of his Chapter 7 discharge would be prejudicial to him. *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (delay becomes prejudicial when it places an undue burden on a party).

The Second Amended Complaint will be dismissed, with prejudice.

By the Court,

_Robert N. Opel, II_
Robert N. Opel, II, Chief Bankruptcy Judge (BI)

March 1, 2019